LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT *vs.* FRASCA CONSTRUCTION CORPORATION.

Essex. February 7, 1968. — March 6, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Arbitration. Contract,* For arbitration, Building contract.

Arbitration of a certain dispute sought by the general contractor on a public school building construction project should be stayed under G. L. c. 251, § 2 (b), inserted by St. 1960, c. 374, § 1, where a section of the construction contract stating disputes subject to arbitration did not apply to the dispute in question and the only other section of the contract relating to arbitration dealt merely with procedure to be followed for disputes "subject to arbitration under" the contract.

PETITION filed in the Superior Court on March 8, 1967.

The case was heard by *Thompson,* J.

*George C. Caner, Jr.,* for the petitioner.

*Cedric L. Arnold,* for the respondent, submitted a brief.

SPALDING, J. This is a petition under G. L. c. 251, § 2 (b), by the Lincoln-Sudbury Regional School District (owner) to stay an arbitration proceeding initiated by the Frasca Construction Corporation (general contractor).[1] No evidence was introduced. The case having been submitted on the petition (to which were attached copies of the construction contract and the demand for arbitration) and answer, was, in effect, a case stated. The judge entered a final decree denying the stay of arbitration on the ground that "there has been an agreement of the parties . . . to arbitrate their dispute." From this decree the owner appealed.

The owner entered into a contract with the general contractor on June 30, 1965, providing for the construction of certain additions and alterations to the Lincoln-Sudbury

---

[1] Chapter 251, § 2 (b) (inserted by St. 1960, c. 374, § 1), provides in part: "Upon application, the superior court may stay an arbitration proceeding commenced or threatened if it finds that there is no agreement to arbitrate."

Regional High School. In December, 1966, the general contractor filed a "Demand for Arbitration" with the American Arbitration Association alleging that the owner "on orders of the Architect" had "arbitrarily refused to accept or honor [certain] Requisitions" under the contract and that the architect was "unjustifiably threatening . . . to impose a penalty on [the general contractor]." On March 8, 1967, the owner filed this petition for a stay of arbitration. No arbitration hearing has been held. The sole issue presented is whether the dispute is subject to arbitration.

The only contract provisions relative to arbitration are those contained in §§ 26 and 42. Nowhere does the contract make disputes relating to payments of requisitions subject to arbitration. The only section of the contract expressly subjecting a dispute to arbitration is § 26 which provides for arbitration of disputes arising out of the distribution of insurance proceeds. The only other reference to arbitration is found in § 42 which sets out the procedure to be followed for "[a]ll disputes, claims or questions *subject to arbitration under this [c]ontract*" (emphasis supplied).[2]

The general contractor argues that the third paragraph of § 42, which prescribes time limits for filing a demand for arbitration when such a demand is an appeal from a deci-

[2] Section 42 of the contract reads as follows: "ARBITRATION: All disputes, claims or questions subject to arbitration under this Contract shall be submitted to arbitration in accordance with the provisions, then obtaining of the Standard Form of Arbitration Procedure of the American Institute of Architects, and this agreement shall be specifically enforceable under the prevailing arbitration law, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other, provided, however, that nothing in this Section be deemed to commit the owner to arbitrate except as authorized by law or to commit the Owner to pay a sum in excess of any appropriation which shall have been made therefor.

"The General Contractor shall not cause a delay of the Work during any arbitration proceeding, except by agreement with the owner.

"Notice of the demand for arbitration of a dispute shall be filed in writing with the Architect and the other party to the Contract. If the arbitration is an appeal from the Architect's decision, the demand therefor shall be made within ten days of its receipt; in any other case, the demand for arbitration shall be made within a reasonable time after the dispute has arisen; in no case, however, shall the demand be made later than the time of final payment except as otherwise expressly stipulated in the Contract."

sion of the architect, subjects decisions of the architect to arbitration. A contrary construction, it is urged, would render this provision meaningless, as it is unlikely that § 42 was inserted in the contract merely to deal with insurance disputes under § 26. But as to what the parties may have intended by the insertion of § 42 in the contract we can only speculate. The short answer is that the contract, including the provisions of § 42, failed to provide for the arbitration of a dispute of the sort here involved. In the absence of such a provision, there is no right to compel arbitration. *J. F. Fitzgerald Constr. Co.* v. *Southbridge Water Supply Co.* 304 Mass. 130, 134, and cases cited. Section 42 prescribes merely the procedure to be followed in case of arbitration but it creates no obligation to arbitrate.

The final decree is reversed and a new decree is to be entered granting a stay of arbitration. The petitioner is to have costs of appeal.

*So ordered.*